UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH J. BRAMLETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00007-ACL |
| AMANDA OESCH, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Kenneth J. Bramlett for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Judge Robert Zachary Horack and Prosecuting Attorney Amanda Oesch as defendants. They are sued in their official capacities only. (Docket No. 1 at 2-3).

With regard to his "Statement of Claim," plaintiff asserts that on January 24, 2020, a warrant was issued for his arrest "for numerous felony offences." (Docket No. 1 at 4).[1] On February 4, 2020, "a writ of habeas corpus was first filed to bring [him] to a hearing to show cause

---

[1] Plaintiff states that his case number was 20SO-CR00093. The Court was unable to locate this criminal action on Case.net, Missouri's online case management system.

3

to [bind] him over to a higher court." Plaintiff states that writs of habeas corpus were also filed on April 3, 2020, May 15, 2020, September 15, 2020, September 18, 2020, and November 13, 2020.

On July 15, 2020, the prosecuting attorney's office filed and served subpoenas for witnesses against plaintiff. Further subpoenas were filed on September 3, 2020, October 28, 2020, and October 29, 2020.

On March 31, 2020, plaintiff had his "first hearing to show cause for [him] to be bound over to a higher court." Other "preliminary hearings pertaining to" his case were held on May 27, 2020, June 30, 2020, July 30, 2020, September 15, 2020, October 20, 2020, November 10, 2020, November 17, 2020, December 8, 2020, and January 13, 2021. With the exception of December 8, 2020, all the other hearing dates were apparently continued on the motion of the State of Missouri. Judge Horack allegedly granted all the motions to continue.

Due to these continuances, plaintiff states that he has filed this lawsuit against Prosecutor Oesch and Judge Horack. (Docket No. 1 at 5). He claims that he has "lost everything due to the state not properly procuring evidence/witnesses in [his] case." Likewise, he asserts that "the state has had ample [opportunity] to show cause and has yet to establish cause to further prosecute [him]." Plaintiff states that he has a family, a life, is a United States citizen, and deserves "the same due process as any other American." He alleges that his rights have been "encroached upon," and that this constitutes "a direct violation of [his civil] liberties."

With regard to relief, plaintiff states that he expects "all charges pertaining to case number 20SO-CR00093 to be [immediately] dismissed." (Docket No. 1 at 7).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, naming Judge Horack and Prosecutor Oesch as defendants. He appears to be alleging a

4

violation of his constitutional rights due to his preliminary hearing being continued on several occasions. Because plaintiff is proceeding in forma pauperis, the Court has reviewed this case under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's action without prejudice.

**A. Official Capacity Claims**

Plaintiff has sued Judge Horack and Prosecutor Oesch in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, plaintiff asserts that both defendants are employees of the State of Missouri. As such, the official capacity claims against them are actually claims against the state itself, their employer.

It does not appear that plaintiff is seeking monetary compensation. However, to the extent that plaintiff might be seeking damages, the official capacity claims fail because state officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th

Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, "[a] claim for damages against a state employee in his [or her] official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

To the extent that plaintiff's complaint can be construed as seeking prospective injunctive relief, his official capacity claims are not necessarily barred. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996) (explaining that jurisdictional bar of Eleventh Amendment does not apply to a suit that "seeks only prospective injunctive relief in order to end a continuing violation of federal law"). Nevertheless, plaintiff must be seeking "injunctive or prospective relief for a legally cognizable claim." *See Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989).

Here, plaintiff has not stated a legally cognizable claim. That is, he has not demonstrated a violation of federal law or his constitutional rights. Plaintiff's facts, such as they are, establish only that his preliminary hearing has been continued on several occasions. There are no facts, however, to indicate that the seeking or granting of these continuances was wrongful or inappropriate, or that the delays were undue or violated his rights. In other words, plaintiff has not presented any allegations to support his legal conclusion that his civil rights were violated. Likewise, there are no facts indicating that Judge Horack or Prosecutor Oesch are likely to commit some constitutional violation in the future, necessitating prospective injunctive relief.

For all the reasons discussed above, plaintiff's official capacity claims against Judge Horack and Prosecutor Oesch must be dismissed.

**B. Individual Capacity Claims**

Plaintiff has clearly indicated an intent to sue defendants in an official capacity only. Even if the Court were to construe the complaint as containing individual capacity claims, such claims would be subject to dismissal.

With regard to Judge Horack, plaintiff's claim is barred by judicial immunity. Because a judicial officer should be free to act upon his own convictions in exercising his authority, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, Judge Horack is accused of granting the State of Missouri's continuances of plaintiff's preliminary hearing. The determination of whether a hearing should or should not be continued is clearly a judicial action, as it is a function normally performed by a judge. Furthermore, there is no indication that Judge Horack acted in the complete absence of jurisdiction. Therefore, even if Judge Horack had been sued in an individual capacity, the claim would be barred by judicial immunity.

Similarly, Prosecutor Oesch is also immune from suit. Prosecutors are immune from 42 U.S.C. § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir.

8

2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Though it is not entirely clear, it appears that plaintiff is alleging that Prosecutor Oesch is the one who sought the continuances of his preliminary hearing. He also vaguely contends that "the state" did "not properly [procure] evidence/witnesses in [his] case."

Here, Prosecutor Oesch is clearly acting as an advocate for the state in a criminal prosecution, entitling her to absolute immunity. Her actions in sending out subpoenas, procuring evidence, and submitting motions to the court are associated with the judicial phase of the criminal process. This immunity applies even if Prosecutor Oesch acted out of malice, vindictiveness, self-interest, or other improper motive. As such, even if Prosecutor Oesch had been sued in an individual capacity, the claim would be barred by prosecutorial immunity.

### C. Plaintiff's Claim Not Cognizable Under 42 U.S.C. § 1983

This action must also be dismissed because plaintiff has not presented a cognizable 42 U.S.C. § 1983 claim to the Court. Specifically, the only relief that plaintiff is seeking is for the immediate dismissal of his criminal charges. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

It appears that plaintiff is asserting that he is being held in state custody in violation of the constitution, and is requesting dismissal of his charges. However, the Court cannot dismiss plaintiff's state criminal charges under 42 U.S.C. § 1983. Rather, the relief that plaintiff seeks is only available through a writ of habeas corpus, once his state remedies have been exhausted. Therefore, this case must be dismissed.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion must be denied as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of May, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE